IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BOBBY LEE HILLMAN**,

        Plaintiff,

   v.

**MARK NOOTH, COLETTE PETERS,
MAX WILLIAMS, MIKE GOWER,
BILL HOEFEL, HEATHER VILLANUEVA,
STEVE SHELTON, MD, AIMEE HUGHES,
GARTH GULICK, MD, All SRCI Health Care
RNs, All ODOC Agents and All SRCI Agents,
All John Does, Jane Does, et al.**

        Defendants.

No. 2:13-cv-01705-MO

OPINION AND ORDER

**MOSMAN, J.**,

      Plaintiff Bobby Lee Hillman contends that prison officials denied him prompt and adequate medical care or were deliberately indifferent to his need for medical treatment, resulting in further personal injury. Defendant prison officials moved for judgment on the pleadings [29], and Mr. Hillman responded [35–37]. Having concluded that Mr. Hillman fails to allege a specific date of delay or indifference within the limitations period, I GRANT the Defendants' motion without prejudice.

1 – OPINION AND ORDER

## BACKGROUND

Mr. Hillman is an inmate at Oregon's Snake River Correctional Institution. (Compl. [2] at 3). On or about 2008, Mr. Hillman experienced a seizure which caused him to fall and strike his face on the metal sink and toilet in his cell. *Id.* at 5. The fall caused serious injury to his left eye, requiring two surgeries to partially correct the damage. (Memo. [36] at 2). Mr. Hillman argues the Defendants failed to provide adequate follow-up treatment for this injury despite his repeated requests, exacerbating the underlying injury and causing further damage. (Aff. of Pl. [37] at 1).

Mr. Hillman also alleges that in 2008 he injured his back or spine, right foot and right knee during a basketball game with fellow inmates (Compl. [2] at 9, 22). He states the Defendants failed to provide adequate treatment for these injuries, as well as his eye injury, despite his repeated requests. *Id.* at 13.

Mr. Hillman filed a civil complaint [2] on September 23, 2013, under 42 U.S.C. § 1983. Defendants moved for judgment on the pleadings [29] pursuant to Fed. R. Civ. P. 12(c), arguing the two-year statute of limitations bars any claim based on incidents occurring before September 23, 2011. (Mot. [29] at 6). Mr. Hillman argues in his response that the statute did not begin to run until he learned the full extent of his injuries in 2014. (Resp. [35] at 3). He concurrently filed a memorandum in support of his response in which he argues the Defendants' unnecessary delay or indifference to his need for medical treatment constitutes a continuing violation of his 8th Amendment rights. (Memo. [36] at 1). The Defendants did not file a reply.

2 – OPINION AND ORDER

**LEGAL STANDARD**

Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. Cnty. of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999).

**DISCUSSION**

**1. The Continuing Violation Doctrine**

A continuing violation or continuing tort occurs when a series of wrongful acts of the same nature causes the alleged harm, rather than attributing the harm to a specific act within the larger pattern of wrongful conduct. *Flowers v. Carville,* 310 F.3d 1118, 1126 (9th Cir. 2002) (citing *Page v. United States,* 729 F.2d 818, 821 (D.C. Cir. 1984)). The statute of limitations for continuing violations does not begin to run until the wrongful conduct ends. *Id.* Therefore, if the conduct in question—here, medical delay or the Defendants' deliberate indifference to Mr. Hillman's medical needs—was ongoing at some point within the limitations period, Mr. Hillman's claim is timely.

Ninth Circuit and Oregon District Court precedent supports this finding. The Ninth Circuit held the continuing violation doctrine applies to Section 1983 claims. *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001). Furthermore, although the Ninth Circuit has not specifically applied the continuing violation doctrine to 8th Amendment deliberate indifference claims, other circuits have done so, as well as this court. *Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001) (finding the alleged failure to treat an inmate's hernia was a "series of wrongful acts" creating a "series of claims"); *McLean v. Shelton,* No. 3:11-cv-01535-AC, 2013 WL 3994760 (D.Or. Aug. 2, 2013). In *McLean v. Shelton,* this court found a medical indifference claim should survive a

3 – OPINION AND ORDER

Rule 12(c) motion where the plaintiff showed he requested medical attention within the limitations period for a condition that developed after the statute had lapsed. *Id.* at *8.  Thus his claim was timely.

As Mr. Hillman states, he must allege the Defendants acted in furtherance of a policy of indifference within the limitations period in order for his complaint to be timely. (Memo. [36] at 1).  Taking his allegations as true, Mr. Hillman's pleadings fail to clearly specify such a date.  For this reason, the Defendants' motion for judgment on the pleadings is granted without prejudice.  Mr. Hillman may amend his complaint to list a specific date, if any, between September 23, 2011 and September 21, 2013 on which he believes the Defendants unreasonably delayed or acted with deliberate indifference towards his need for medical treatment.  He must also allege that the Defendants' specific acts of delay or indifference are so related as to constitute a continuing violation of his 8th Amendment rights.  *McLean v. Shelton* at *6.  This amended complaint would be timely under O.R.S. § 12.110 and would successfully invoke the continuing violation doctrine.

### 2. The Discovery of the Extent of Mr. Hillman's Injuries

Mr. Hillman also argues his claim is timely because the statute of limitations does not begin to run until he discovered the full extent of his injuries on February 28, 2014.  (Memo. [36] at 2).  This argument is inapposite.  Mr. Hillman is not alleging that Defendants caused his underlying injuries, but rather that the Defendants exacerbated his underlying injuries through unreasonable delay or indifference to his need for medical treatment.  Because the alleged harm stems from the delay in treatment, not from the underlying injury, the fact that the underlying injury occurred outside the limitations period is moot.

Any claims related to the cause of Mr. Hillman's underlying injuries are time barred. Oregon's statute of limitations for personal injury claims, O.R.S. § 12.110, applies to Section 1983 claims. *Sain v. City of Bend,* 309 F.3d 1134, 1139 (9th Cir. 2002) (citing *Wilson v. Garcia,* 471 U.S. 261, 266–67 (1938). Subsection (4) requires Mr. Hillman to bring an action "within two years from the date when the injury was first discovered or in the exercise of reasonable care should have been discovered." The plain language of the statute indicates the limitations period began to run on the date Mr. Hillman discovered his underlying injury, not upon a later discovery of the extent of the injury. The Oregon Court of Appeals similarly interpreted Subsection (4) in *Widing v. Schwabe, Williamson & Wyatt,* explaining that the so-called discovery rule applicable in tort actions "delays the running of the limitations period only until the plaintiff knows or should know that *some* harm has occurred and that *a* claim exists. The statute is not delayed until the plaintiff is or should be aware of the full extent of his or her damage or of all the details relevant to the claim." 154 Or.App. 276, 283–84 (Or. Ct. App. 1998) (emphasis in original). Thus the statute of limitations begins to run when the plaintiff obtains some knowledge of the existence of the harm, not the point at which he knows the full extent of the harm.

Mr. Hillman's description of his injuries indicates he was fully aware of them, if not the extent of them, when they occurred in 2008. The limitations period for claims related to the underlying injury therefore ran from the date of his injury in 2008 until 2010. The recent discovery that they are more serious than previously understood does not allow the limitations period to run anew.

5 – OPINION AND ORDER

## CONCLUSION

Because Mr. Hillman has not specified an act of medical delay or deliberate indifference within the limitations period, his claim is untimely and the Defendants are entitled to judgment as a matter of law. The Defendants' motion for judgment on the pleadings [29] is GRANTED WITHOUT PREJUDICE. Mr. Hillman has leave to amend his complaint as specified herein.

IT IS SO ORDERED.

DATED this   24th   day of September, 2014.


                                                  /s/ Michael W. Mosman
                                                  MICHAEL W. MOSMAN
                                                  United States District Judge