IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BOBBY LEE HILLMAN,**

      Plaintiff,

      v.

**MARK NOOTH, COLETTE PETERS,**
**MAX WILLIAMS, MIKE GOWER,**
**BILL HOEFEL, HEATHER VILLANUEVA,**
**STEVE SHELTON, MD, AIMEE HUGHES,**
**GARTH GULICK, MD, All SRCI Health Care**
**RNs, All ODOC Agents and All SRCI Agents,**
**All John Does, Jane Does, et al.**

      Defendants.

No. 2:13-cv-01705-MO

OPINION AND ORDER

**MOSMAN, J.,**

      This is a 42 U.S.C. § 1983 action filed *pro se* by Plaintiff Bobby Lee Hillman, a prisoner in the custody of the Oregon Department of Corrections ("ODOC") and housed at the Snake River Correctional Institution ("SRCI"). Mr. Hillman claims that the deliberate indifference of certain ODOC and SRCI officials ("Defendants") to his need for medical treatment constitutes a continuing violation of his Eighth Amendment rights. Defendants move for judgment on the pleadings [45], arguing that Mr. Hillman's claim is barred by the statute of limitations and that he has failed to exhaust his administrative remedies. Moreover, Defendants ask that I dismiss Mr. Hillman's claims with prejudice since he has had prior opportunities to address the deficiencies in his complaint. Because Mr. Hillman has adequately plead his claim, and because Mr. Hillman has a right to fair notice before I enter summary judgment, I deny Defendants' motion [45].

## BACKGROUND

      Mr. Hillman states that on or about November 2008 he incurred two injuries while in custody:  (1) serious damage to his left eye caused by striking his face on the sink and toilet while having a seizure; and (2) an injury to his back or spine, right knee and right foot incurred

while playing basketball. Mr. Hillman alleges that despite his repeated requests for medical attention, Defendants unreasonably delayed or were deliberately indifferent to his need for medical treatment.  He alleges the resulting delay exacerbated his injuries, which remain painful.

Mr. Hillman filed his original complaint on September 23, 2013. After filing their answer, Defendants moved for judgment on the pleadings, arguing that Mr. Hillman's claim was untimely since it was filed beyond the two-year statute of limitations. *See* O.R.S. § 12.110 (2014). I granted Defendants' motion on the grounds that Mr. Hillman failed to specify an act of medical delay or deliberate indifference within the limitations period, but allowed Mr. Hillman to amend his complaint to properly plead a continuing violation. Specifically, I indicated that Mr. Hillman's claims would be timely if he were able to: (1) "list a specific date…between September 23, 2011 and September 21, 2013 on which he believes the Defendants unreasonably delayed or acted with deliberate indifference towards his need for medical treatment," and (2) "allege that the Defendants' specific acts of delay or indifference are so related as to constitute a continuing violation of his 8th Amendment rights." Op. and Order [38] at 4.

Mr. Hillman's amended complaint lays out timelines for both his eye injury and his lower back injury. Both of these timelines include incidents within the proper limitations period in which he complained of pain to prison officials. Mr. Hillman concludes his amended complaint by alleging that these incidents demonstrate that he repeatedly requested medical attention and that this attention was denied in violation of his Eighth Amendment rights. Am. Compl. [44] at 6.

Defendants now move for judgment on the pleadings again, arguing that Mr. Hillman has not cured the deficiencies of his original complaint and that Mr. Hillman has not exhausted his administrative remedies.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1990) (citing *Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984)). All allegations of fact by the party opposing the motion are accepted as true and are

construed in the light most favorable to that party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1062 n.4 (9th Cir. 2011) (explaining that although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, the same standard of review applies to motions brought under Rule 12(c)). In considering a motion for judgment on the pleadings, the court may not rely on evidence outside the pleadings. *Hal Roach Studios,* 896 F.2d at 1550 (citations omitted).

## DISCUSSION

### A.  Allegation of  Wrongful Acts

Defendants first argue that I should grant judgment on the pleadings because Mr. Hillman failed to identify a "wrongful act" within the limitations period that would allow Mr. Hillman to establish a continuing violation. *See Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) ("A continuing violation or continuing tort occurs when a series of *wrongful acts* of the same nature causes the alleged harm, rather than attributing the harm to a specific act within the larger pattern of wrongful conduct") (emphasis added). Defendants cite *Hutchinson v. United States* for the proposition that to properly plead a wrongful act in the context of deliberate indifference, Mr. Hillman must identify an instance in which Defendants denied, delayed, or intentionally interfered with his medical treatment. *See* 838 F.2d 390, 394 (9th Cir. 1988). However, Defendants' proffered rule represents only half of the *Hutchinson* test. In *Hutchinson*, the Ninth Circuit held that deliberate indifference can manifest itself in two ways: "[i]t may appear when prison officials deny, delay or intentionally interfere with medical treatment, *or it may be shown by the way in which prison physicians provide medical care*." *Id.* (emphasis added) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Therefore, to properly plead a wrongful act that would support a continuing violation of his Eighth Amendment Rights, Mr. Hillman must identify an instance where Defendants' either delayed, denied, or intentionally interfered with his medical treatment, or where the medical care  provided demonstrates Defendants' deliberate indifference.

In his amended complaint, Mr. Hillman alleges multiple instances within the limitations period on which he requested medical attention regarding his injuries. Am. Compl. [44] at 2–6 (including, for example, his February 7, 2012, complaint of eye pain and headaches to prison officials and his March 20, 2012, complaint of back pain to a prison doctor). Furthermore, Mr. Hillman alleges that Defendants' denied these requests in violation of his Eighth Amendment rights. *Id.* at 6. Although Mr. Hillman does not explicitly label any of Defendants' specific acts as unreasonably delayed or deliberately indifferent, Mr. Hillman's two allegations give rise to a reasonable inference that he is challenging Defendants' responses to his requests for medical attention. *See Iqbal*, 556 U.S. at 678 (explaining that a claim survives a motion to dismiss "when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged") (emphasis added); *Cafasso*, 637 F.3d at 1062 n.4 (explaining that although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, the same standard of review applies to motions brought under Rule 12(c)).

The strength of this inference is further bolstered by the context of Mr. Hillman's amended complaint and the underlying fact that Mr. Hillman is a *pro se* prisoner litigant. The Ninth Circuit has instructed courts to give *pro se* prisoner pleadings the benefit of a liberal construction, *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), and to use "common sense" in interpreting the frequently diffuse pleadings of pro se complainants. *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). Mr. Hillman filed his amended complaint in response to an Opinion and Order that specifically directed him to "list a specific date, if any, between September 23, 2011 and September 21, 2013 on which he believes the Defendants unreasonably delayed or acted with deliberate indifference towards his need for medical treatment." Op. and Order [38] at 4. Accordingly, there is a reasonable inference that any incidents Mr. Hillman subsequently alleged would be understood within this context.

Consequently, insofar as Mr. Hillman's amended complaint identified specific requests he made for medical attention within the limitations period, there is a reasonable inference that Mr. Hillman adequately identified a "wrongful act" that would allow him to establish a continuing violation of his Eighth Amendment rights.

## B.  Exhaustion

Defendants next argue that I should grant judgment on the pleadings because Mr. Hillman did not exhaust his administrative remedies and therefore his claim is prohibited by the

Prisoner Litigation Reform Act ("PLRA"). *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (holding that prisoners must properly exhaust their administrative remedies, including "compliance with an agency's deadlines and other procedural rules"). However, failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Because such proof typically requires the defendant to present probative evidence outside of the pleadings, the Ninth Circuit has held that failure to exhaust is appropriately analyzed at the summary judgment stage. *Id.* at 1169. Therefore, insofar as Defendants move for judgment on the pleadings concerning Mr. Hillman's failure to exhaust available administrative remedies, I will construe their motion as one for summary judgment. *See* Fed. R. Civ. P 12(d); *Hal Roach Studios,* 896 F.2d at 1550 (citations omitted).

To prove a prisoner failed to exhaust their administrative remedies under the PLRA, a defendant must first prove there was an "available administrative remedy," which the prisoner did not exhaust. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino* 747 F.3d at 1172). Defendants satisfy this burden through the declaration of James A. Taylor, a Grievance Coordinator at SCRI. Mr. Taylor's declaration describes the general three-step Oregon Department of Corrections ("ODOC") grievance process and discusses the two grievances Mr. Hillman filed during the limitations period for the present action. Decl. of James A. Taylor [46] at ¶¶ 11, 14. Significantly, Mr. Taylor notes that Mr. Hillman never filed a second or third appeal with regards to either grievance. *Id.* at ¶¶ 13, 15. Under the PLRA, Mr. Hillman must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting *Woodford* 548 U.S. at 88). Consequently, Defendants have met their burden for demonstrating that Mr. Hillman did not exhaust his available administrative remedies. *See Williams*, 775 F.3d at 1192 (explaining that the demonstration of a system of available administrative remedies satisfies the initial step of the *Albino* burden-shifting inquiry).

Once Defendants demonstrate the existence of an unexhausted, available administrative remedy, the burden shifts to Mr. Hillman to show that the relevant remedy was "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *See Id.* at 1191 (quoting *Hilao*

*v. Estate of Marcos,* 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). Neither Mr. Hillman's amended complaint, nor his response to Defendants' motion, includes any reason why he did not complete ODOC's appeals process. Accordingly, Mr. Hillman has not met his burden for demonstrating the available administrative remedies were "effectively unavailable to him." *Id.*

However, despite the reasons listed above, entry of summary judgment is inappropriate at the present time. As the Ninth Circuit has explained, the "twin infirmities of imprisonment and proceeding without counsel" entitle *pro se* prisoner litigants to "fair notice" of the requirements of the summary judgment rule. *Rand v. Rowland,* 154 F.3d 952, 958 (9th Cir. 1998). Furthermore, the Ninth Circuit has held it is a reversible error for a district court to dismiss a *pro se* prisoner's claim for failure to exhaust without first assuring that the plaintiff receives such fair notice. *Smith v. Haan*, 199 F. App'x 594, 595 (9th Cir. 2006). Therefore, I have attached the formal notification as suggested by the Ninth Circuit in *Rand* to this opinion and order to ensure that proper notice is given to Plaintiff concerning summary judgment. *See* 154 F.3d at 962.

## CONCLUSION

Because Mr. Hillman has plead "factual content that allows the court to draw the reasonable inference that [Defendants' are] liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), I deny Defendants motion for judgment on the pleadings [45]. Furthermore, because Mr. Hillman has a right to fair notice, I deny without prejudice Defendants' claim that that Mr. Hillman has failed to exhaust his administrative remedies. Twenty days after Mr. Hillman receives this opinion and order and its attached notification, Defendants may refile their request for summary judgment.

IT IS SO ORDERED.

DATED this ___6th___ day of March, 2015.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge

**NOTICE—WARNING**

***This Notice is Required to be Given to You by The Court***

The Defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Additionally, the District of Oregon has also implemented rules regarding summary judgment. Specifically, Local Rule 56(a) of the District Court requires that you support your factual positions with citations, by page and line as appropriate, to the particular parts of the materials in the record. Local Rule 56(b) allows you to object to the evidence presented by the Defendants. If you do so, Defendants will have an opportunity to respond.