IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BOBBY LEE HILLMAN**,

    Plaintiff,

    v.

**MARK NOOTH, COLETTE PETERS,
MAX WILLIAMS, MIKE GOWER,
BILL HOEFEL, HEATHER VILLANUEVA,
STEVE SHELTON, MD, AIMEE HUGHES,
GARTH GULICK, MD, All SRCI Health Care
RNs, All ODOC Agents and All SRCI Agents,
All John Does, Jane Does, et al.**

    Defendants.

No. 2:13-cv-01705-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Pro Se Plaintiff Bobby Lee Hillman brings this claim under 42 U.S.C. § 1983 against various named officers at the Oregon Department of Corrections ("ODOC") and the Snake River Correctional Institution ("SRCI") (collectively, "Defendants"). Mr. Hillman alleges that Defendants' deliberate indifference to his need for medical treatment constitutes a continuing violation of his Eighth Amendment rights. Defendants move for summary judgment on the ground that Mr. Hillman failed to exhaust his administrative remedies. Because I find that Mr. Hillman did not exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), I GRANT Defendants' motion for summary judgment.

## BACKGROUND

    While in custody at SRCI, Mr. Hillman incurred two injuries: (1) damage to his left eye caused by striking his face on the sink and toilet while having a seizure; and (2) an injury to his back or spine, right knee and right foot incurred while playing basketball. Mr. Hillman alleges that despite his repeated requests for medical attention, he was never provided proper medical treatment. Although Mr. Hillman informally communicated his concerns to prison officials on

1

multiple occasions, he only filed one formal grievance concerning his medical treatment. This grievance concerned the prison doctor's decision to take away his cane. Mr. Hillman claimed that he needed his cane for balance and mobility and asked that it be returned to him. A prison official responded that Mr. Hillman's order for a cane had expired, and that the prison doctor had determined upon reexamination that Mr. Hillman no longer needed the cane. Mr. Hillman did not appeal this decision.

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "draws all justifiable inferences in favor of the non-moving party." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## DISCUSSION

Defendants argue that I should grant summary judgment because Mr. Hillman failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (explaining that the PLRA requires inmates to exhaust all "available" administrative remedies before filing suit to challenge prison conditions). Failure to exhaust is an affirmative defense that requires the defendant to demonstrate that some pertinent relief   including an unexhausted level of the grievance process   remains available. *Brown v. Valoff*, 422 F.3d 926, 936  37 (9th Cir. 2005). Here, Defendants satisfy this burden through the declaration of James A. Taylor, a Grievance Coordinator at SCRI. Mr. Taylor describes the general three-step ODOC grievance process and discusses Mr. Hillman's relevant grievance concerning the removal of his cane. Decl. of James A. Taylor [55] at ¶¶ 5  9, 11. Significantly, Mr. Taylor notes that Mr. Hillman did not file a first or second appeal to the grievance response he received. *Id.* at ¶ 13. Accordingly, Defendants

have met their burden for demonstrating that Mr. Hillman did not exhaust his administrative remedies.

Mr. Hillman counters by arguing that the unexhausted grievance appeals were not "available" to him because he was never informed of their existence. *See Booth v. Churner*, 532 U.S. 731, 737 (2001) (defining "available" as "capable of use for the accomplishment of a purpose," and that which "is accessible or may be obtained"). However, to establish that a grievance procedure was effectively unavailable due to lack of awareness, an "inmate must show that the procedure was [a] not known and [b] unknowable with reasonable effort." *Albino v. Baca*, 697 F.3d 1023, 1037 (9th Cir. 2012) (explaining that a subjective lack of awareness does not mean the procedure was unknowable). Even assuming Mr. Hillman was subjectively unaware of ODOC's grievance procedure, Mr. Hillman has failed to provide sufficient evidence to support a reasonable conclusion that he could not have discovered ODOC's grievance appeal procedure with reasonable effort. Instead, a logical inference to the contrary derives from the facts that: (1) the grievance appeal procedure was included within the inmate handbook; (2) make-up classes were available to inmates who missed their Administration and Orientation class (which explained the grievance appeal procedure); and (3) grievance instructions were available along with the grievance forms. Decl. of James A. Taylor [55] at ¶ 6.

Mr. Hillman offers two pieces of evidence to rebut this logical inference that ODOC's grievance appeal procedure was ultimately knowable with reasonable effort. Unfortunately for Mr. Hillman, neither is sufficient to meet his burden at summary judgment. First, Mr. Hillman points to ODOC's recent amendments to its grievance form as evidence that the prior forms inadequately advised inmates of the required appeals procedure. However, such evidence is inadmissible under Federal Rule of Evidence 407, which precludes the use of "subsequent remedial measures" to establish the need for prior instructions. Second, Mr. Hillman submits declarations from four fellow prisoners, which he alleges demonstrate that prisoners were not instructed of the required grievance appeal procedures prior to the grievance form amendment. However, not only do the declarations only vaguely support such an argument, but the Ninth Circuit has expressly held that the lack of a prescribed method for informing inmates of the appellate procedure does not necessarily mean the procedure was unknowable. *Albino*, 697 F.3d at 1039. Instead, a prisoner must demonstrate "objective circumstances showing that efforts to discover would be fruitless." *Id.* Mr. Hillman provides no evidentiary basis to draw such a

3

conclusion. Accordingly, the evidence proffered by Mr. Hillman is insufficient to establish that ODOC's grievance procedure was effectively unavailable.

## CONCLUSION

Because Mr. Hillman has failed to demonstrate that ODOC's grievance appeal procedures were effectively unavailable to him, I find that Mr. Hillman failed to exhaust all available administrative remedies as required by the PLRA. Consequently, I GRANT Defendants' motion for summary judgment.

IT IS SO ORDERED.

DATED this   28th   day of April, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge